[No. 17359. Department Two. December 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Walterine Nissen, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, Judge, Respondent.*[1]

INFANTS (4)—DELINQUENCY — CUSTODY AND CONTROL — JURISDICTION. Under Rem. Comp. Stat., § 1996, passed subsequent to the juvenile act [Id., § 1980], a delinquent girl committed to the women's industrial home and clinic passed completely under the jurisdiction of the directors thereof and is no longer subject to the jurisdiction of the juvenile court.

VENUE (18)—CHANGE—PREJUDICE OF JUDGE. Under Rem. Comp. Stat., §§ 209-1, 209-2, a delinquent girl charged under the juvenile act is entitled to a change of judges upon filing an affidavit of prejudice.

Certiorari to review an order of the superior court for King county, Dykeman, J., entered May 26, 1922, committing a delinquent minor to the state school for girls, after a hearing before the court. Reversed.

*Egan & Moriarty,* for relator.

MITCHELL, J.—This action relates to the welfare of Walterine Nissen, a girl between seventeen and eighteen years of age. The purpose of the proceeding in this court is to have reviewed an order of the superior court of King county by which the girl was committed to the state school for girls. Upon the return to the writ, it appears that at one time she was an inmate of the women's industrial home and clinic, by order and commitment of the juvenile court of King county, and that upon the closing of that institution in 1921 she was taken charge of by the Lebanon home in Seattle. Some time thereafter, by petition duly sworn to by one Francette P. Maring, and filed in the superior court,

[1]Reported in 210 Pac. 674.

the girl was regularly complained of as being an incorrigible.

When the matter first came on for hearing on the complaint, she filed an affidavit of prejudice against the Honorable King Dykeman, judge of the juvenile department, in support of a motion by her attorneys that the cause be transferred to some other judge or department of the superior court for trial. An order was entered "that the matter of the dependency of said minor child, Walterine Nissen, and the future care, custody and control of her be finally determined by the superior court of the state of Washington in and for King county, to be regularly assigned therein for trial upon the merits." Under the rules for the assignment of causes in the superior court, the case then came on for hearing before another judge of the superior court. Through her attorneys, a jury trial was demanded and a jury fee deposited. The court refused a jury trial and proceeded with the hearing, at the conclusion of which findings, conclusions and judgment were entered that there was no evidence to support the charges contained in the complaint. It was further adjudged, however, that the girl was, and at all times since a date prior to her being committed to the women's industrial home and clinic has been, a ward of the juvenile court of King county, and it was further ordered that she be committed to the juvenile detention home of the county to await disposition by the juvenile court authorities of the county.

Shortly thereafter the cause came on again for hearing before the Honorable King Dykeman, judge of the juvenile department of the court, at which time she promptly renewed her affidavit of prejudice and motion for change of venue or for a different trial judge. The application was denied. The order entered on this hearing was that she "be and she hereby is committed

to the state school for girls, to remain until she is twenty-one years of age, unless sooner discharged according to law." By a disturbing, unexplained irregularity this last order recites, "this matter coming on regularly for hearing upon the petition of *Martha Castberg,* an officer of this court, on behalf of Walterine Nissen, etc." The certificate of the respondent is that the return to the writ issued out of this court contains the full, complete and entire record upon which the orders, judgment and proceedings in the cause were made and entered. It does not contain any petition by Martha Castberg.

We have not been favored with any argument, written or oral, on the part of the respondent. It is difficult to understand why the judge who made the final order served in the case after he had transferred it upon the affidavit of prejudice. From a recital in the judgment made by the judge to whom the case had been transferred from the juvenile court department it appears that judge concluded the girl was still under the control of the juvenile department of the superior court after the closing of the women's industrial home and clinic, because of the original complaint resulting in her having been committed to that institution, and it may be that thereafter that view was approved and followed by the judge of the juvenile court who made the final order herein, and that he therefore decided the affidavit of prejudice and demand for a jury trial came too late. If so, we think the trial court was in error. Laws of 1919, p. 570, ch. 186, § 1 [Rem. Comp. Stat., § 1988] creating the women's industrial home and clinic provided for a board of directors who were given power and jurisdiction over the inmates for the purpose of discipline, detention and training. The directors constituted a board of parole and discharge, and were vested with the further power to transfer to

the state prison any inmate who should appear to the board to be incorrigible, or to transfer to any other appropriate state institution any inmate whose welfare the board, after proper study and examination of her case, should decide might be best cared for at such other institution. It even provided that, upon certain specified procedure, the board of directors might transfer an inmate to the hospital for the insane. Manifestly it was the purpose of the legislature by this act of 1919, passed subsequent to the juvenile court law, to give to the directors of the women's industrial home and clinic complete jurisdiction of all women or juvenile court cases committed to it until and unless the board of directors made other disposition of them under the terms of the act.

A delinquent or dependent girl committed by a juvenile court to the women's industrial home and clinic under § 9 of the act [Id., § 1996], was no longer under the jurisdiction of the court, but was surrendered into the entire charge of the board of directors of that institution. The proceedings in court and its jurisdiction over the person were at an end. In the event of the close of the women's industrial home and clinic, as occurred here, the superior court, including its juvenile department, was and is open to any new and independent action necessary for the welfare of a girl, although formerly an inmate of the women's industrial home and clinic. That view seems to have been adopted, at least it was followed, in the present case by the filing of the complaint of Francette P. Maring, of which the juvenile court took immediate jurisdiction. Treating it as a new complaint, the girl promptly filed an affidavit of prejudice against the judge, who, as required by Rem. Comp. Stat., §§ 209-1, 209-2, transferred the hearing to another judge. Thereafter the judge from whom the case had been taken by the

affidavit of prejudice had no power or authority to further consider the case on its merits. If in the confused condition of the record, as shown by the return of the respondent, it should be held that there was a still later petition or complaint that was filed by Martha Castberg, because of the recital of that fact in the final order or judgment, inadvertently omitted from the return, still our conclusion must be the same because, promptly and before any hearing on it, the girl filed another affidavit of prejudice against the judge, who notwithstanding heard and determined the cause. Under these circumstances, we have frequently held that the person filing the motion and affidavit of prejudice was entitled to change of judge as a matter of right.

We find it unnecessary to pass on the question of a demand for trial by jury, since the judge who made the final order herein complained of did not pass upon that question.

The order committing the plaintiff herein to the state school for girls is reversed and the cause is remanded to the superior court for further proceedings.

PARKER, C. J., FULLERTON, MAIN, and TOLMAN, JJ., concur.