[No. 37097. Department One. April 16, 1964.]

*In the Matter of the Welfare of* GENE KEVIN McDANIEL *et al., Minors.*

GENE T. McDANIEL, *Appellant,* v. BONNIE McDANIEL, *Respondent.**

*Cook, Flanagan & Berst,* for appellant.

ROSELLINI, J.—The appellant, who had been awarded custody of the minor children of the parties in a divorce modification proceeding, sought another modification removing the visitation rights of the mother.

*Reported in 391 P. (2d) 191.

After Superior Court Judge Solie M. Ringold had heard the evidence in this second modification proceeding, he announced that he thought the children should be declared to be dependent. Before entering a judgment in the matter, he requested that an officer of the juvenile court file a dependency petition and proposed to have the juvenile proceeding transferred to his court and to consolidate it with the modification proceeding. By this procedure, he was able to obtain an independent investigation into the children's living conditions and the authority to declare them dependent if the facts warranted such action.

On September 24, 1962, in compliance with the request of Judge Ringold, the chief probation officer of the juvenile court filed a petition alleging that the children were dependent and asking that the court inquire into their living conditions and make such order as should be for their best welfare.

On December 7, 1962, the appellant filed a motion for transfer of the juvenile court action, supported by an affidavit of prejudice. This motion was denied by Judge Ringold, who then proceeded to conduct a hearing on the matter, at the conclusion of which he denied the petition for modification of the divorce decree and entered an order declaring the children to be dependent and making them wards of the court, but placing them in the temporary custody of the appellant.

The appellant has appealed the decision in the juvenile matter only. He contends first that the court erred in refusing to grant his motion for transfer of cause, which he filed before any action had been taken by the court in that proceeding. This contention must be sustained. While we have no doubt that the judge acted with the best of motivations and with genuine concern for the welfare of the children, it must be held that he was obliged to grant the appellant's motion.

RCW 4.12.040 provides:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge

is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. . . ."

RCW 4.12.050 provides that such prejudice may be established by motion and supported by affidavit.

■ Where such a motion and affidavit are timely filed, the moving party is entitled to a change of judge as a matter of right, prejudice being established by the filing of the petition. *State ex rel. Mauerman v. Superior Court,* 44 Wn. (2d) 828, 271 P. (2d) 435; *State ex rel. Nissen v. Superior Court,* 122 Wash. 407, 210 Pac. 674; *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 Pac. 628. An application to transfer a cause to another judge upon an affidavit of prejudice, divests the first judge of jurisdiction to try the case on the merits if the application is timely made. *Garvey v. Skamser,* 69 Wash. 259, 124 Pac. 688.

■ An application is timely if it is made before the judge has made any ruling in the proceeding. RCW 4.12.050. An affidavit may be filed against a judge in a juvenile court proceeding. *State ex rel. Nissen v. Superior Court, supra.*

The case of *State ex rel. Mauerman v. Superior Court, supra,* was a divorce modification proceeding, which was assigned to the judge who had heard the original divorce action. An affidavit of prejudice was filed by the petitioner. Her motion for transfer of the action was denied, and she applied to this court for a writ of mandamus, directing the judge to transfer the action. The respondent argued that the modification was a mere continuation of the original action and that the motion was not timely made. We rejected this contention, saying:

"A proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. It presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree. It is a 'proceeding' within the meaning of the cited statutes [RCW 4.12.040, 050], and the petitioner is entitled to a change of judges as a matter of right. . . ."

We think there can be no question but that the juvenile court proceeding was a "new" proceeding, not ancillary to or in aid of the divorce modification.[1] The judge recognized this when he found it necessary to request that a petition be filed by an officer of the juvenile court in order that he might determine whether the children were dependent and should be made wards of the court. Consequently, the appellant's motion, which was filed and brought to the attention of the court before any ruling had been made in the juvenile proceeding, was timely and divested the court of jurisdiction in that action.

The appellant also contends that the petition in the juvenile proceeding was fatally defective in that it did not contain any allegation of facts which would justify a finding that the children were dependent, as dependency is defined in RCW 13.04.010. The allegations of dependency were as follows:

" . . . your Petitioner alleges on information and belief, that the children are being exposed to injurious living conditions in this: That the parents are in hopeless disagreement and conflict over the matter of visitation by the mother, and details of custody of the said children; that the said children are in need of the care, consideration and planning by the Court."

The only allegation of facts concerning the living conditions of the children is that their parents are in hopeless conflict over the matter of visitation and the details of custody. Such a conflict is not listed as a condition giving rise to dependency in RCW 13.04.010. We have said that the juvenile court statute is to be liberally construed, with the welfare of the minor children being the primary consideration. *State ex rel. Smith v. Superior Court,* 23 Wn. (2d) 357, 161 P. (2d) 188. But the juvenile court has no jurisdiction over a minor unless it is proved that the minor

---

[1]See *In re Freitas,* 53 Wn. (2d) 722, 336 P. (2d) 865, which recognizes that " ' ". . . when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; *and no court of co-ordinate authority is at liberty to interfere with its action.* . . ." ' " (Italics ours.)

is either a delinquent or a dependent child, as those terms are defined by statute. *In re Crozier,* 44 Wn. (2d) 901, 272 P. (2d) 136; *In re Warren,* 40 Wn. (2d) 342, 243 P. (2d) 632; *In re Hudson,* 13 Wn. (2d) 673, 126 P. (2d) 765.

Under the statute, a finding that the parents of the children were in hopeless conflict concerning visitation rights and the details of custody would not be sufficient to sustain a declaration of dependency. The appellant correctly contends that the petition was fatally defective. Consequently, if the juvenile court wishes to initiate a new dependency proceeding, it should do so by causing a new petition to be served and filed, alleging the conditions of dependency (within the purview of the statute) which are believed to exist.

The appellant's other assignments of error are not supported by citation of authority and will not be considered.

The judgment is reversed and the proceeding dismissed.

OTT, C. J., HUNTER, HAMILTON, and HALE, JJ., concur.