[No. 8092–3–II.   Division Two.   March 11, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES W. MERSHON, *Appellant.*

*James W. Mershon,* pro se.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Kenneth L. Nichols, Deputy,* for respondent.

WORSWICK, C.J.—We are asked to decide whether the double jeopardy clause of the United States Constitution bars the State from moving under RCW 2.24.050 for revision of a court commissioner's adjudication of a criminal offense by a juvenile. We hold that the State is so barred.[1]

James Mershon was charged in juvenile court with two counts of second degree burglary. He pleaded not guilty. A court commissioner conducted the adjudicatory hearing and entered formal findings of fact. RCW 13.40.130(3), (4). The commissioner acquitted Mershon of burglary, but convicted him of two counts of criminal trespass, a lesser included offense. The State moved for revision of the commissioner's ruling under RCW 2.24.050.[2]

Mershon moved to "dismiss review," arguing that the double jeopardy clause barred review of the commissioner's judgment. The Superior Court denied Mershon's motion, reviewed the record, and found Mershon guilty on one sec-

---

[1]We expressly limit our holding to the situation presented: an attempt by the State to seek review of a commissioner's determination of facts from the evidence adduced at the adjudicatory hearing.

[2]RCW 2.24.050 provides:

"All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, his orders and judgments shall be and become the orders and judgments of the superior court, and from same an appeal may be taken to the supreme court or the court of appeals in all cases where an appeal will lie from like orders and judgments entered by the judge."

ond degree burglary charge and one criminal trespass charge. We reverse.

The Fifth Amendment's double jeopardy clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb". The constitutional guaranty binds the states through the Fourteenth Amendment due process clause (*Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969)), and applies not only in traditional criminal proceedings, but also in the kind of juvenile proceedings Mershon faced. *Illinois v. Vitale,* 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980); *Breed v. Jones,* 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779 (1975).

The double jeopardy clause bars a second prosecution for the same offense after either conviction or acquittal. *North Carolina v. Pearce,* 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969).

Mershon contends that the trial court's review in this case was tantamount to a second trial on the same burglary charges of which the commissioner acquitted him. The State asserts that the commissioner's hearing was only the first phase of a single proceeding, which culminated in the trial court's ruling, and therefore Mershon was put in jeopardy just once. The State's premise is that the commissioner had no power to enter a final order, and that under the state constitution and RCW 2.24.050, the commissioner's rulings are only proposals unless neither party seeks revision within 10 days. We agree with Mershon.

The State relies heavily on *Swisher v. Brady,* 438 U.S. 204, 57 L. Ed. 2d 705, 98 S. Ct. 2699 (1978). The *Swisher* Court upheld Maryland's statutory scheme for using masters in what amounted to the first phase of a statutory 2–phase juvenile proceeding. The Maryland scheme resembles Washington's only superficially. In Maryland, masters sitting without a jury may conduct evidentiary hearings in juvenile cases. After a hearing, the master submits proposed findings, conclusions of law, and

disposition to the superior court, which is completely free to accept, reject, or modify them. Its consideration is de novo on the record; it may take additional evidence only if neither party objects.

The *Swisher* Court tested this proceeding against three identified purposes of the double jeopardy clause.

(1) To bar the prosecution from another opportunity to supply evidence that it failed to muster in the first proceeding;

(2) To preclude the prosecutor from enhancing the risk that an innocent defendant may be convicted by taking the question of guilt to a series of persons or groups empowered to make binding determinations; and

(3) To bar the State from unfairly subjecting the defendant to the embarrassment, expense, and ordeal of a second trial.

*Swisher,* 438 U.S. at 216–17.

The Court found that the Maryland procedure impinges on none of these purposes. First, the prosecution may not introduce additional evidence at the superior court hearing if the juvenile objects; thus, it has only one opportunity to muster its evidence. Second, the Maryland masters have no power to make binding determinations of the juvenile's guilt or innocence. Their rulings are merely proposals that the court is free to reject, even if no party takes exception to them. Third, the Court found no indication that the procedure unfairly subjected the juvenile to the embarrassment, expense, and ordeal of a second trial. Maryland does not require the juvenile to be brought before the judge during the review, and the juvenile's attorney need not present oral argument or written briefs. The court also pointed out that, even if the juvenile and his attorney actually participate in the review, the "burdens are more akin to those resulting from a judge's permissible request for post–trial briefing or argument following a bench trial than to the 'expense' of a full–blown second trial . . ." *Swisher,* 438 U.S. at 217.

The differences between the Washington and Maryland statutes are far more significant than the similarities. Unlike the Maryland master, the Washington commissioner does have the power to make a final determination of guilt or innocence. The commissioner's decision is not subject to automatic review, as in Maryland.

The State argues that a commissioner's power is specifically limited by the state constitution, which provides that commissioners' rulings are subject to revision by the superior court. Const. art. 4, § 23. The State reasons that, because of this, a commissioner has no power to decide. This is incorrect.

The constitution does not limit a commissioner's power to decide. It only makes a commissioner's decision subject to a form of appellate review. This is in sharp contrast to the Maryland scheme. The Maryland masters have no power *under any circumstances* to make a final decision. They may issue only proposals to the superior court, which is free to reject or modify them even if neither party takes exception to them. The difference is crucial; the *Swisher* Court made it clear that the Maryland scheme would not have survived the double jeopardy challenge had its masters had the power to issue final judgments.

*Swisher* does not support the State's position. On the contrary, it compels us to hold that the State's attempt to procure revision of a commissioner's adjudication in a juvenile delinquency case constitutes an attempt to take "the question of [the juvenile's] guilt to a series of persons or groups empowered to make binding determinations", thus enhancing the risk that an innocent defendant may be convicted. *Swisher,* 438 U.S. at 216.[3]

---

[3]Because we find a federal double jeopardy violation, we need not address Mershon's argument that the proceeding violates the state constitution as well. In any case, the Supreme Court has held that the state constitutional guaranty against double jeopardy is coextensive with the federal guaranty. *See State v. Ridgley,* 70 Wn.2d 555, 556, 424 P.2d 632 (1967).

Reversed.

REED and PETRICH, JJ., concur.

Review denied by Supreme Court May 6, 1986.