[No. 17488–6–I.   Division One.   March 23, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. CARMEN DAGENAIS, *Appellant*.

*Paris K. Kallas* and *Helen A. Anderson* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney, Edwin Simmers, Special Deputy,* and *Robert A. Carmichael, Deputy,* for respondent.

WILLIAMS, J.—Carmen Dagenais, a juvenile, appeals her

conviction for assault in the second degree. A commissioner held fact–finding hearings on this and an unrelated charge of theft in the third degree on the same day. In the hearing on the theft charge, which was tried first, Dagenais testified and was found guilty. When defense counsel requested that the case be transferred and sentence be imposed in the county where Dagenais was then residing, the commissioner said:

I intend to write the judge in that county and tell him that I believe this Defendant has deliberately lied to the court. . . .

Because of this statement, Dagenais moved that the commissioner recuse himself in the assault case. The motion was denied, and that charge proceeded to trial, with the credibility of the witnesses, including Dagenais, being of critical importance.

■ A fair trial requires the absence of actual bias or the appearance of bias.

For a judge to be biased or prejudiced against a person's cause is to have a preconceived adverse opinion with reference to it, without just grounds or before sufficient knowledge. It is a particular person's state of mind that affects his opinion or judgment. Bias or prejudice on the part of an elected judicial officer is never presumed.

*In re Borchert,* 57 Wn.2d 719, 722, 359 P.2d 789 (1961).

The law goes farther than requiring an impartial judge; it also requires that the judge appear to be impartial. Next in importance to rendering a righteous judgment is that it be accomplished in such a manner that it will cause no reasonable questioning of the fairness and impartiality of the judge. A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned.

*State v. Madry,* 8 Wn. App. 61, 70, 504 P.2d 1156 (1972).

Judicial officers endeavor to cast aside bias and prejudice to the end that they may be impartial, and to a great degree, they succeed. But, it is more than can reasonably be expected that the commissioner could have fully cast out the effect of his belief, just formed in the theft trial, that

the defendant under oath had deliberately lied to the court. From the appearance given an observer, it would have been difficult to understand that the trier of fact in the second case would be completely uninfluenced by his belief of the mendacity of the defendant in the first. On both grounds, therefore, the commissioner should have recused himself.

In a supplemental brief, Dagenais raises the question of whether a juvenile is entitled to a jury trial. *See* RCW 13.04.021(2). Jury trials are not required by the constitution in juvenile adjudicatory proceedings. *State v. Lawley,* 91 Wn.2d 654, 591 P.2d 772 (1979).

The judgment is reversed and the cause remanded for a new trial.

SCHOLFIELD, C.J., and GROSSE, J., concur.