[No. 8229-6-III.   Division Three.   June 9, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES C. ESPINOZA, *Appellant*.

*Michael W. Lynch,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert R. Northcott, Deputy,* for respondent.

McINTURFF, C.J.—James C. Espinoza, 14, was charged in juvenile proceedings with one count of possession, manufacturing or disposing of an incendiary device (RCW 9.40-.120) and one count of first degree arson (RCW 9A.48.020). We reverse and remand for a new trial.

On May 1, 1986, Mr. Espinoza and two companions manufactured what they called "fire bombs" from jars, paper towels, lantern oil, lighter fluid and matches. On May 2, 1986, a residence at 701 South Seventh Avenue, Yakima was substantially burned by an intentionally set fire. Mr. Espinoza was acquainted with the occupant of the residence and had threatened to burn it because of the occupant's interference with Mr. Espinoza's girl friend.

Investigators determined the fire was caused by a flammable liquid. Witnesses stated Mr. Espinoza had bragged to his friends about setting the fire. When questioned by the authorities, he was equivocal in describing his responsibility for the fire.

Mr. Espinoza was convicted by a court commissioner who refused to recuse himself after an affidavit of prejudice was filed. The conviction was affirmed by a judge, sitting for the juvenile department of the Yakima County Superior Court. Mr. Espinoza raises several issues.

The dispositive issue is whether the court commissioner erred when he failed to recuse himself. There is no doubt that if an affidavit of prejudice had been filed against a

judge of the juvenile court, the affidavit would have divested the judge of jurisdiction to hear the case. *In re McDaniel*, 64 Wn.2d 273, 391 P.2d 191 (1964); *State ex rel. Nissen v. Superior Court*, 122 Wash. 407, 411, 210 P. 674 (1922); *In re Gibson*, 4 Wn. App. 372, 377, 483 P.2d 131, *review denied*, 79 Wn.2d 1003 (1971). Does this well established law change where the allegedly prejudiced fact finder is a commissioner rather than a judge?

The State argues the issue has been decided in *In re McGee*, 36 Wn. App. 660, 661, 679 P.2d 933, *review denied*, 101 Wn.2d 1018 (1984), where Division Two of our court ruled an affidavit of prejudice was ineffective against a court commissioner because of the revision granted under RCW 2.24.050. That statute provides for a revision hearing before a judge. However, we conclude the authority to review a record, even when that authority is essentially unlimited, does not provide a sufficient remedy for prejudice at the original trial.

It is well settled the question of credibility of witnesses must be decided at trial by the judge who hears their testimony and is able to observe their demeanor as a witness. *Davis v. Department of Labor & Indus.*, 94 Wn.2d 119, 124, 615 P.2d 1279 (1980); *State v. Berlin*, 46 Wn. App. 587, 593, 731 P.2d 548 (1987). If that fact finder is prejudiced against the defendant, those decisions of credibility will be skewed. A review will not remedy the error because there may be evidence in the record to support the decision, even though the deciding factor was prejudice. Additionally, the reviewing court can affirm without taking testimony or considering anything other than the record.

In *State ex rel. McFerran v. Justice Court*, 32 Wn.2d 544, 202 P.2d 927 (1949) the following pertinent comments were made:

> There can be no question but that the common law and the Federal and our state constitutions guarantee to a defendant a trial before an impartial tribunal, be it judge or jury.

The situation here presented calls especially for the application of Art. I, § 32, of the constitution of the state of Washington, which provides:

"A frequent recurrence to fundamental principles is essential to the security of individual rights, and the perpetuity of free government."

*McFerran,* at 548. The court, at page 549 (quoting *State ex rel. Barnard v. Board of Educ.,* 19 Wash. 8, 17–18, 52 P. 317 (1898)), recognized that the administration of justice was dependent upon the impartiality of the judge:

The principle of impartiality, disinterestedness, and fairness on the part of the judge is as old as the history of courts; in fact, the administration of justice through the mediation of courts is based upon this principle. It is a fundamental idea, running through and pervading the whole system of judicature, and it is the popular acknowledgment of the inviolability of this principle which gives credit, or even toleration, to decrees of judicial tribunals. Actions of courts which disregard this safeguard to litigants would more appropriately be termed the administration of injustice, and their proceedings would be as shocking to our private sense of justice as they would be injurious to the public interest.

The guaranty of an impartial trial must exist whether the defendant is tried before a judge or a commissioner.

In *State v. Dagenais,* 47 Wn. App. 260, 734 P.2d 539 (1987) a juvenile was charged with assault and third degree theft. She moved that the court Commissioner recuse himself in the second trial after he commented that the defendant had deliberately lied during the first trial. The court held it was error when the Commissioner denied the defendant's motion, stating:

For a judge to be biased or prejudiced against a person's cause is to have a preconceived adverse opinion with reference to it, without just grounds or before sufficient knowledge. It is a particular person's state of mind that affects his opinion or judgment. Bias or prejudice on the part of an elected judicial officer is never presumed.

*Dagenais*, at 261 (quoting *In re Borchert*, 57 Wn.2d 719, 722, 359 P.2d 789 (1961)). The court further stated:

> The law goes farther than requiring an impartial judge; it also requires that the judge appear to be impartial. Next in importance to rendering a righteous judgment is that it be accomplished in such a manner that it will cause no reasonable questioning of the fairness and impartiality of the judge. A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned.

*Dagenais*, at 261 (quoting *State v. Madry*, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972)). While *Dagenais* did not involve the filing of an affidavit of prejudice, the principle remains valid.

To permit the alleged prejudice of a court commissioner to interfere with a defendant's right to an impartial trial would also be a denial of due process under the fourteenth amendment to the federal constitution and article 1, section 3 of our state constitution. *McFerran*, at 550. The defendant must not be required to resort to the appellate process to secure a fair and impartial trial. As stated before, even the appellate process cannot correct that which it does not see, *i.e.,* a substantial evidence issue.

Under JuCR 1.4(b),[1] the Superior Court Criminal Rules are applicable. The State contends Mr. Espinoza is foreclosed from filing an affidavit of prejudice because RCW 4.12.040[2] and .050[3] provide only the disqualification of

---

[1]JuCR 1.4(b) states:

"**Criminal Rules.** The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes."

[2]RCW 4.12.040 provides, in part:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause."

[3]RCW 4.12.050 provides, in part:

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit

"judges". The term "judges" is construed by the State to exclude court commissioner.

The court commissioner operates under the authority of RCW 2.24.010 and .040. RCW 2.24.050 provides for a revision of any act performed by the commissioner upon motion of a party. A commissioner sitting in juvenile court is also subject to former RCW 13.04.021, which states in pertinent part:

> In any judicial district having a court commissioner, the court commissioner shall have the power, authority, and jurisdiction, concurrent with a juvenile court judge, to hear all cases under this chapter and to enter judgment and make orders with the same power, force, and effect as any judge of the juvenile court, subject to motion or demand by any party within ten days from the entry of the order or judgment by the court commissioner as provided in RCW 2.24.050.

A court commissioner acting as a juvenile court judge has authority which extends beyond the powers given commissioners by statute. (Compare RCW 2.24.040 with RCW 13.04.021.) A commissioner acting in lieu of a superior court judge hears cases which could be properly described as administrative in nature, *i.e.*, probate matters, default motions, adoptions, ex parte motions, mental commitments, and temporary restraining orders. His power is limited by the types of cases which he may hear and by the motion for revision which make his orders subject to de novo review by a superior court judge. RCW 2.24.050; *In re Smith*, 8 Wn. App. 285, 505 P.2d 1295 (1973).

In comparison, a court commissioner sitting in juvenile court has authority commensurate with a juvenile court judge. RCW 13.04.021. He acts as judge in both dependency and detention matters and may hear cases in both areas concerning the same juvenile. For example, a juvenile who

---

that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: . . ."

has been involved in the court system through a dependency hearing may appear before the same commissioner on a detention matter. The commissioner, who knows the family history, may be inclined to a prejudicial decision in handling the detention matter. Thus, the possibility of the juvenile being denied a fair and impartial trial is magnified. While that juvenile has access to a revision hearing, the hearing is not automatic, but is granted only by motion and may or may not include further proceedings. *In re Smith*, at 289 (the court upon revision must determine its own facts based upon the record made before the commissioner *and/or* conduct such further proceedings as in its discretion were deemed necessary to resolve the matter). Thus, the juvenile is not guaranteed the prejudice will be cured by the revision hearing.

Additionally, it is advantageous to the State that it be allowed to file an affidavit of prejudice. It is barred from any revision hearing where the juvenile has been found not guilty because of double jeopardy. *State v. Mershon*, 43 Wn. App. 132, 136, 715 P.2d 1156, *review denied*, 105 Wn.2d 1022 (1986). Where the possibility of a not guilty verdict is due to the prejudice of the commissioner, the State should be allowed the opportunity to file an affidavit of prejudice.

Thus, we reject the State's contention *McGee* controls and conclude Mr. Espinoza's constitutional right to a fair and impartial trial and due process demands he be given the opportunity to file an affidavit of prejudice.

The judgment of the Superior Court is reversed; the cause is remanded for a new trial.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

THOMPSON, J., concurs.

MUNSON, J. (dissenting)—I dissent from that portion of the opinion which approves filing of an affidavit of prejudice against a court commissioner. There is neither a constitutional provision nor a statutory right to file an affidavit of prejudice against a court commissioner. *In re McGee,* 36 Wn. App. 660, 679 P.2d 933, *review denied,* 101 Wn.2d 1018 (1984).

If the Legislature had intended to provide for the automatic disqualification of court commissioners by RCW 4.12.050, it could have done so. Instead, the right to a revision hearing before a superior court judge was provided. RCW 2.24.050. To hold an affidavit of prejudice pursuant to RCW 4.12.050 applicable to a court commissioner is inappropriate judicial legislation.

However, RCW 4.12.040 provides the right to seek recusal of a judge. RCW 13.04.021 states in part: "[C]ourt commissioners shall have the power, authority, and jurisdiction, concurrent with a juvenile court judge, to hear all cases under this chapter . . ." Thus, while not providing the applicability of an affidavit of prejudice, I believe that by giving the commissioner concurrent jurisdiction with a juvenile court judge, a party has a right to seek recusal of a commissioner. The defendant should state a specific ground upon which he alleges bias or prejudice, an opportunity to be heard should be afforded, a record of the hearing made as well as a ruling of the commissioner. Thus, there would be a record for review. Here, the contention seems to be that the Commissioner had heard other matters involving Mr. Espinoza. That may or not have provided grounds for recusal. *See* Annot., *Disqualification of Judge for Having Decided Different Case Against Litigant,* 21 A.L.R.3d 1369 (1968). This procedure not having been followed, believing

an affidavit of prejudice does not lie against a commissioner, and concurring in the balance of the opinion, I would affirm the conviction.

Review granted by Supreme Court October 4, 1988.