[No. 55370-0.   En Banc.   June 22, 1989.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES C. ESPINOZA, *Respondent*.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steve Keller, Deputy,* for petitioner.

*Michael W. Lynch,* for respondent.

SMITH, J.—The State of Washington sought review of a decision of the Court of Appeals, Division Three, reversing and remanding Respondent James C. Espinoza's juvenile convictions for first degree arson and for possessing, manufacturing or disposing of an incendiary device. The Court of Appeals held there was sufficient evidence to sustain the conviction for manufacturing an incendiary device, but reversed and remanded because the Superior Court Commissioner who convicted Mr. Espinoza declined to recuse himself after Mr. Espinoza filed an affidavit of prejudice against him.[1] We reverse the Court of Appeals on its reversal and remand and we uphold both convictions in this case.

Two issues are presented by this case. They are:

(1) Whether an affidavit of prejudice pursuant to RCW 4.12.050 can be used to peremptorily disqualify a superior court commissioner from hearing a criminal case in the juvenile court; and

(2) Whether, under the facts of this case, the State established a prima facie case against the defendant

---

[1] The Court of Appeals did not rule on the sufficiency of evidence to support the arson conviction. The arson conviction was not challenged by either party.

(Respondent James C. Espinoza) for manufacturing or possessing an incendiary device, with specific reference to the ability of the device to provide initial ignition for an ensuing fire.

The State contends that RCW 4.12.050, which gives a petitioner the right to file an affidavit of prejudice and peremptorily disqualify a superior court judge from hearing a matter, does not apply to court commissioners.

Respondent Espinoza challenges only the finding of the Court of Appeals that there was sufficient evidence to establish a prima facie case on the charge of manufacturing or possessing an incendiary device.

On May 1, 1986, James C. Espinoza, age 14, and two companions manufactured what they called "fire bombs" from jars, paper towels, lantern oil, lighter fluid and matches. On May 2, 1986, a residence at 701 South Seventh Avenue, Yakima, was substantially burned by an intentionally set fire. Mr. Espinoza was acquainted with the occupant of the residence and had threatened to burn it because of the occupant's interference with Mr. Espinoza's girlfriend. *State v. Espinoza*, 51 Wn. App. 719, 720, 754 P.2d 1287, *review granted*, 111 Wn.2d 1011 (1988).

Investigators determined the fire was caused by a flammable liquid. Witnesses stated Mr. Espinoza had boasted to his friends about setting the fire. When questioned by authorities, he was equivocal in describing his responsibility for it.

Respondent Espinoza was later arrested and subsequently arraigned on May 15, 1986, on one count of possession, manufacturing or disposing of an incendiary device, in violation of RCW 9.40.120, and one count of first degree arson, in violation of RCW 9A.48.020.

On May 20, 1986, Respondent Espinoza entered a plea of "not guilty." The case was set for trial. As the trial date approached, respondent moved for a continuance. This motion was heard and granted by Yakima County Court Commissioner Stephen M. Brown on June 3, 1986.

As the second trial date of July 3, 1986, approached, another continuance was requested by respondent and joined by the State. This motion was heard by Commissioner Brown on July 2, 1986. He granted a trial date of July 24, 1986.

On July 23, 1986, preliminary motions were filed by Respondent Espinoza.

On July 24, 1986, the designated trial date, an associate of defense counsel filed an affidavit of prejudice on behalf of Respondent Espinoza against Commissioner Brown, requesting the Commissioner to honor the affidavit and recuse himself. Commissioner Brown declined. Citing RCW 13.04.021, he held that a commissioner is authorized to hear all juvenile cases, subject only to a motion for revision as provided in RCW 2.24.050.

The trial proceeded. Respondent Espinoza was found "guilty" of both charges. He was sentenced to 103 to 129 weeks on the first degree arson charge and to 30 days on the incendiary device charge.

Respondent Espinoza filed a motion for revision of the Commissioner's findings pursuant to RCW 2.24.050. The Honorable Howard Hettinger, Judge of the Superior Court, ruled that an affidavit of prejudice does not lie against a court commissioner and that Respondent Espinoza was proven guilty of both charges beyond a reasonable doubt under the evidence presented.

In a partially published split decision, the Court of Appeals, Division Three, reversed and remanded for new trial, holding that juvenile court commissioners are subject to removal by affidavit of prejudice under RCW 4.12.050. The Court of Appeals further concluded that "viewing the evidence in favor of the State, there is a sufficient quantum thereof to establish, *prima facie,* the corpus delicti of the crime."[2]

RCW 4.12.040 provides that "[n]o judge of a superior court" shall hear or try an action when it is established that

---

[2]Court of Appeals opinion at 10 (unpublished portion).

the judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in the matter. Any party or attorney may establish such prejudice "by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge." RCW 4.12.050.

When an affidavit of prejudice is timely filed against a juvenile court judge, the moving party is entitled to a change of judge as a matter of right. *In re McDaniel*, 64 Wn.2d 273, 275, 391 P.2d 191 (1964). *See also LaMon v. Butler*, 112 Wn.2d 193, 201–02, 770 P.2d 1027 (1989). An affidavit of prejudice is not timely under RCW 4.12.050 unless it has been filed before a judge has been called upon to make a ruling involving discretionary powers of the judge. *State v. Dixon*, 74 Wn.2d 700, 702–03, 446 P.2d 329 (1968). Granting or denying a continuance is a discretionary ruling. *State v. Guajardo*, 50 Wn. App. 16, 19, 746 P.2d 1231 (1987), *review denied*, 110 Wn.2d 1018 (1988).

In this case, the State collaterally challenges the timeliness of Respondent Espinoza's affidavit of prejudice against Juvenile Court Commissioner Stephen M. Brown. Commissioner Brown twice exercised his judicial discretion in ruling on motions for continuances on June 3, 1986, and July 2, 1986. These rulings were made before the affidavit of prejudice was filed on July 24, 1986, the date of trial. However, the State did not challenge the timeliness of the affidavit in the Court of Appeals. The issue will therefore not be addressed by this court. RAP 2.5(a).[3] Consequently, the

---

[3]RAP 2.5(a) provides:

"(a) **Errors Raised for First Time on Review.** The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction."

only issue concerning the affidavit of prejudice is whether it applies to a court commissioner.

In the published portion of its opinion, the Court of Appeals held that an affidavit of prejudice may be filed against a juvenile court commissioner, as well as against a superior court judge. The Court of Appeals reasoned that commissioners sitting in juvenile court have concurrent power, authority and jurisdiction with juvenile court judges under RCW 13.04.021,[4] and thus should also be subject to removal by affidavit of prejudice. *State v. Espinoza*, 51 Wn. App. 719, 724–25, 754 P.2d 1287, *review granted*, 111 Wn.2d 1011 (1988).

The Court of Appeals rejected the State's argument that the right to seek revision of a commissioner's decision sufficiently guards against prejudice. Under RCW 2.24.050[5] the superior court *has discretion* to decide whether to conduct any further proceedings it considers necessary. The superior court judge can also limit review to the record made before the commissioner. *See In re McGee*, 36 Wn. App.

---

[4]RCW 13.04.021 provides:

"(1) The juvenile court shall be a division of the superior court. In judicial districts having more than one judge of the superior court, the judges of such court shall annually assign one or more of their number to the juvenile court division. In any judicial district having a court commissioner, the court commissioner shall have the power, authority, and jurisdiction, concurrent with a juvenile court judge, to hear all cases under this chapter and to enter judgment and make orders with the same power, force, and effect as any judge of the juvenile court, subject to motion or demand by any party within ten days from the entry of the order or judgment by the court commissioner as provided in RCW 2.24.050. . . .

"(2) Cases in the juvenile court shall be tried without a jury."

[5]Former RCW 2.24.050 provides:

"Revision by court. All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, his orders and judgments shall be and become the orders and judgments of the superior court, and from same an appeal may be taken to the supreme court or the court of appeals in all cases where an appeal will lie from like orders and judgments entered by the judge."

660, 662, 679 P.2d 933, *review denied,* 101 Wn.2d 1018 (1984); *In re Smith,* 8 Wn. App. 285, 288–89, 505 P.2d 1295 (1973). A juvenile has access to a revision hearing, but the hearing is not automatic. It is granted only by motion and may or may not include further proceedings.[6] Thus, as observed by the Court of Appeals, a juvenile has no guaranty that any prejudice will be cured by the revision hearing.

It is well settled the question of credibility of witnesses must be decided at trial by the judge who hears their testimony and is able to observe their demeanor as a witness. *Davis v. Department of Labor & Indus.,* 94 Wn.2d 119, 124, 615 P.2d 1279 (1980); *State v. Berlin,* 46 Wn. App. 587, 593, 731 P.2d 548 (1987). If that fact finder is prejudiced against the defendant, those decisions of credibility will be skewed. *A review will not remedy the error because there may be evidence in the record to support the decision, even though the deciding factor was prejudice.* Additionally, the reviewing court can affirm without taking testimony or considering anything other than the record.

(Italics ours.) *State v. Espinoza,* 51 Wn. App. at 721.

RCW 4.12.050 expressly provides for automatic disqualification of superior court judges. RCW 2.24.050 expressly provides for the right to a hearing on revision of a court commissioner's ruling. The Basic Juvenile Court Act, in RCW 13.04.021, expressly provides:

In any judicial district having a court commissioner, the court commissioner shall have the power, authority, and jurisdiction, concurrent with a juvenile court judge, to

---

[6]*State v. Espinoza, supra* at 725, citing *In re Smith,* 8 Wn. App. at 289 (the court upon revision must determine its own facts based upon the record made before the commissioner *and/or* conduct such further proceedings as in its discretion were deemed necessary to resolve the matter). This court later cited *Smith* in a footnote contained in *In re Estate of Larson,* 103 Wn.2d 517, 694 P.2d 1051 (1985):

The record indicates that the Superior Court simply adopted the commissioner's findings of fact and conclusions of law as its own. We believe that the superior courts, in reviewing decisions of court commissioners pursuant to RCW 2.24.050, should enter their own findings of fact and conclusions of law into the record.

*Larson,* at 520 n.1.

hear all cases under this chapter and to enter judgment . . . *subject to motion or demand* by any party within ten days from the entry of the order or judgment by the court commissioner *as provided in RCW 2.24.050.*

(Italics ours.) RCW 13.04.021.

██ Applying basic rules of statutory construction to RCW 4.12.050, RCW 2.24.050 and RCW 13.04.021, it is obvious that the Legislature did not provide for peremptory disqualification of court commissioners in juvenile cases. The sole remedy for challenging orders and judgments of court commissioners is a revision hearing, set forth in RCW 2.24.050 and cross–referenced in RCW 13.04.021.

The Court of Appeals decision in this case is in conflict with *In re McGee,* 36 Wn. App. 660, 679 P.2d 933, *review denied,* 101 Wn.2d 1018 (1984), a decision by the Court of Appeals, Division Two. *McGee* involved the validity of a local court rule which prohibited affidavits of prejudice against court commissioners.[7] The Court of Appeals upheld the rule, observing that the right to peremptory removal of a judge is not constitutional, but statutory, and that the statutes (RCW 4.12.040 and RCW 4.12.050) apply only to superior court judges. *McGee,* 36 Wn. App. at 661.

Absent a constitutional challenge by the parties and given the clear language of RCW 4.12.050, RCW 2.24.050 and RCW 13.04.021, the right to automatic disqualification of a superior court judge for bias or prejudice in a juvenile case does not extend to court commissioners. Rulings of court commissioners in juvenile courts may be challenged at that level only by a revision hearing. RCW 2.24.050; RCW 13.04.021.[8]

In the unpublished portion of its opinion, the Court of Appeals concluded there was sufficient evidence to sustain

---

[7]Pierce County Local Rule 12(d), adopted pursuant to CR 83, provides:

"Affidavits of prejudice with reference to court commissioners will not be recognized, the remedy of a party being a motion for revision under RCW 2.24.050."

[8]Moving parties can also obtain a commissioner's disqualification by the traditional means of showing actual bias or appearance of bias. *State v. Dagenais,* 47 Wn. App. 260, 734 P.2d 539 (1987).

the conviction for possessing or manufacturing an incendiary device. Respondent Espinoza challenges this holding in his answer to the State's petition for review. He argues that there was insufficient corroboration of his confession to establish the *corpus delicti* of the crime.

■■ The test for sufficiency of evidence to support a criminal conviction is whether, viewing the evidence most favorable to the State, a rational trier of fact could find the essential elements of the charged crime have been proven beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221–22, 616 P.2d 628 (1980), adopting the test in *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). *See also In re Jeffries,* 110 Wn.2d 326, 337, 752 P.2d 1338, *cert. denied,* ___ U.S. ___, 102 L. Ed. 2d 368, 109 S. Ct. 379 (1988); *State v. Rice,* 110 Wn.2d 577, 625, 757 P.2d 889 (1988); *State v. Mak,* 105 Wn.2d 692, 761, 718 P.2d 407, *cert. denied,* 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986). However, a person's confession alone is not sufficient to establish the *corpus delicti* of the crime. If there is independent evidence of the *corpus delicti,* it may be established by a combination of the confession and the independent evidence. *State v. Meyer,* 37 Wn.2d 759, 763–64, 226 P.2d 204 (1951). *See also State v. Goranson,* 67 Wn.2d 456, 458–59, 408 P.2d 7 (1965).

*Corpus delicti* consists of two elements: (1) an injury or loss and (2) someone's criminal act which caused it. *Bremerton v. Corbett,* 106 Wn.2d 569, 573–74, 723 P.2d 1135 (1986).

To be guilty of possessing or manufacturing an incendiary device, the defendant must know the device is incendiary. RCW 9.40.120. An "incendiary device" is "any material, substance, device, or combination thereof which is capable of supplying the initial ignition and/or fuel for a fire and is designed to be used as an instrument of wilful destruction." RCW 9.40.110(2).

In this case, Respondent Espinoza admitted talking to Paul Marquez, occupant of the burned residence, on the evening of May 1, 1986, and telling Mr. Marquez that he

was "going to burn him," but denied that the threat was a literal one. Respondent further denied leaving his own residence on the evening of May 1 or the morning of May 2. He admitted telling witness Tomas Mora that he burned the Marquez apartment, but stated that he was only "kidding." Respondent denied that he set the fire at the Marquez residence. He admitted telling investigators that he threw a rock through the window of the house, that he let other persons into the house and that he smelled clothes burning. However, he testified at trial that those statements were not true. He denied telling investigators that lighter fluid was used as a combustible element in the incendiary devices.

Respondent's brother, Joe Espinoza, testified that Paul Marquez stated to him that Mr. Marquez had blamed the fire on James C. Espinoza because "I was just scared, I had to say something." In addition, witness Scott Bradford testified for the defense that he overheard Paul Marquez telling Respondent Espinoza that he, Marquez, would turn himself in "after he left the area."

The physical evidence collected at Respondent Espinoza's residence, along with other testimony at trial, is sufficient to corroborate Respondent Espinoza's confession and to support the trial verdict. The physical evidence consisted of the lighter fluid can, lantern oil, two jars containing some type of liquid and paper towels inserted into the jars as wicks. Additionally, Paul Marquez testified that he observed respondent making the fire bombs. Respondent's admission to Fire Investigator Steven Scott that he participated in manufacturing the fire bombs was presented at trial. When James C. Espinoza took the stand, he admitted his involvement in making the fire bombs. Further, although the State did not conduct laboratory tests on the liquids found in the jars in Espinoza's residence, Investigator Scott testified that the devices appeared to be suitable for starting a fire.

The Court of Appeals was correct in finding sufficient evidence in the trial record to corroborate Respondent

Espinoza's confession under the standard approved in *State v. Green, supra.*

The Court of Appeals was not correct in holding that an affidavit of prejudice under RCW 4.12.050 can be used to peremptorily disqualify a superior court commissioner from hearing a juvenile court criminal case. Under RCW 4.12-.050, RCW 2.24.050 and RCW 13.04.021, the Legislature clearly did not provide for peremptory disqualification of court commissioners in juvenile cases. The remedy for challenging orders and judgments of court commissioners is a revision hearing provided in RCW 2.24.050 and cross-referenced in RCW 13.04.021.

We therefore reverse that portion of the Court of Appeals decision which reversed and remanded James C. Espinoza's juvenile convictions for possessing, manufacturing or disposing of an incendiary device in violation of RCW 9.40.120 and first degree arson in violation of RCW 9A.48.020. We accordingly uphold both convictions.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.