# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| TRACY L. HONL, | No.  60322-5-II |
| Respondent, | |
| v. | |
| BRIAN DAVIDSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Brian Davidson appeals the superior court's order denying his motion to revise a commissioner's order granting Tracy Honl's petition for an antiharassment protection order against him.  Davidson claims the entire case was improperly handled based on numerous alleged errors related to Davidson's attempts to disqualify Pacific County Superior Court judicial officers. We affirm.

## FACTS

Honl owns property adjacent to property owned by Lori Wirkkala.  Wirkkala is Davidson's mother and Davidson lives on her property with her.

On September 25, 2024, Honl filed a petition for an anti-harassment protection order in Pacific County District Court.  In the petition, Honl documented the ongoing conflict that had arisen between her and Davidson regarding the boundary line between Honl's property and the Wirkkala/Davidson property.  The district court granted a temporary antiharassment protection order against Davidson and transferred the petition to the superior court.  A hearing was set for October 11 in superior court.

On October 3, Davidson filed a notice of disqualification against Superior Court Judge Donald J. Richter. The next day, Judge Richter signed an order disqualifying himself from the case and ordering that the matter be heard by a judge pro tem, commissioner, or visiting judge. The Pacific County Superior Court clerk forwarded the notice of disqualification to the clerk of Grays Harbor County Superior Court.

On October 11, Judge Pro Tem Heidi Heywood granted Davidson's motion for a continuance. Judge Heywood signed another temporary antiharassment order and set a new hearing for October 25 in Pacific County Superior Court.

On October 18, Davidson's attorney filed a notice of appearance. On October 21, Davidson moved for a continuance so counsel could prepare a response to the petition.

On October 25, Davidson filed a declaration in response to Honl's allegations. Davidson provided his explanations for all of the disruptive conduct that Honl documented in her petition.

At the October 25 hearing before Commissioner Elizabeth Penoyar, Davidson, despite having retained counsel, informed Commissioner Penoyar that he had signed an affidavit of prejudice against her.[1] Commissioner Penoyar stated that there was nothing in the file indicating an affidavit was filed against her and suggested Davidson talk to his attorney. Davidson's attorney said he did not receive any information about an affidavit of prejudice and thought it might be moot because he needed a continuance to prepare a response.

---

[1] In prior versions of RCW 4.12.050, a party would disqualify a judge by filing an affidavit of prejudice. *See* LAWS OF 2017, ch. 42, § 2. In 2017, the statute was changed to "notice of disqualification." LAWS OF 2017, ch. 42, § 2.

Commissioner Penoyar granted Davidson's request for a continuance and set a new hearing for November 1. Commissioner Penoyar reissued the temporary antiharassment protection order until November 1.

After the October 25 hearing, Davidson personally, not his attorney of record, filed a notice of disqualification against Commissioner Penoyar:

> COMES NOW, Respondent, Brian Davidson, and respectfully provides notice of the disqualification of Commissioner Elizabeth Penoyar in this case, pursuant to RCW 4.12.040 and RCW 4.12.050. Proper notice was given verbally at the 10/25/2024 9 a.m. hearing of the belief of impartiality and before any discretionary rulings were made.

Clerk's Papers (CP) at 121.[2]

The hearing on Honl's petition for an antiharassment protection order was held on November 1 before Commissioner Penoyar. Commissioner Penoyar found that Davidson had engaged in a course of conduct that constituted harassment and that Davidson's actions were sufficient to cause substantial emotional distress.

Commissioner Penoyar granted Honl's petition for an antiharassment protection order. The antiharassment order prohibited Davidson from going on any of the disputed property until the property line was determined.

Davidson filed a motion for revision. Visiting Judge Joely Yeager heard the motion for revision. In the order, visiting Judge Yeager found that Davidson "knowingly and willfully participated in a course of conduct directed at [Honl], which is intended to seriously alarm, annoy, harasses [sic], and serves no legitimate or lawful purpose." CP at 156. Visiting Judge Yeager also found that Davidson's conduct caused substantial emotional distress to Honl. Visiting Judge

---

[2] According to clerk's minutes, the hearing was held at 9:00 a.m.; the affidavit of prejudice filed against Commissioner Penoyar was time stamped at 3:32 p.m.

Yeager rejected Davidson's argument that he was acting lawfully to protect his property. Visiting Judge Yeager denied the motion to revise.

After the motion to revise was denied, Davidson's attorney withdrew. Davidson appeals.[3]

ANALYSIS

Davidson appeals the antiharassment protection order issued against him in this case. Despite the litany of references to due process and jurisdiction, all of Davidson's issues relate to the notice of disqualification he filed, which he alleges was improperly handled and prevented Commissioner Penoyar and visiting Judge Yeager from entering any orders in this case.[4] There were no errors related to the notice of disqualification. Accordingly, we affirm.

---

[3] Following the denial of his motion to revise, Davidson filed a motion to stay the antiharassment protection order, and he supported the motion with hundreds of pages of documents outlining his extensive history with the Pacific County court system and Commissioner Elizabeth Penoyar. Visiting Judge Kathryn Svoboda denied the motion to stay. Davidson did not file a notice of appeal designating the order denying the motion to stay.

Under RAP 2.4(b),

The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

Here, the order denying the motion to stay did not prejudicially affect the order denying the motion to revise because the order denying the motion to stay was entered well after the order denying the motion to revise. Further, this court accepted review, at the latest on January 2, 2025, when the perfection letter was issued. Perfection Letter (Jan. 2, 2025). The order denying the motion to stay was entered January 31, 2025, after this court accepted review. Therefore, review of the order denying the motion to stay or consideration of materials related to Davidson's motion to stay is improper under RAP 2.4(b).

[4] Throughout his brief, Davidson alleges that this case was actually a property dispute and therefore was also improperly handled by the court by being treated as a antiharassment protection order case. Although the dispute between Davidson and Honl clearly arose around a property dispute, this case was initiated by Honl filing a petition for an antiharassment protection order and the superior court decided only whether to grant an antiharassment order; the superior court did

RCW 4.12.050 provides any party the right to disqualify one judge by filing a notice of disqualification. RCW 4.12.050(1). Generally, recusal decisions are discretionary. *Tatham v. Rogers*, 170 Wn. App. 76, 87, 283 P.3d 583 (2012). Therefore, we review the superior court's decision on whether to recuse for an abuse of discretion. *Id*.

However, questions of statutory interpretation are questions of law we review de novo. *Nelson v. P.S.C., Inc.*, 2 Wn.3d 227, 233, 535 P.3d 418 (2023). Our objective in statutory interpretation is to ascertain and carry out the legislature's intent. *Royal Oaks Country Club v. Dep't of Revenue*, 2 Wn.3d 562, 568, 541 P.3d 336 (2024).

"If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." *Id*. Plain language is discerned from "the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes." *Id*.

A. COMPLIANCE WITH RCW 4.12.040

As an initial matter, Davidson asserts that his notice of disqualification was improperly handled and only the Grays Harbor County Superior Court presiding judge had jurisdiction to hear his case. Davidson is incorrect.

RCW 4.12.040 governs the procedures following disqualification of a superior court judge:

(1) No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050. . . . In all judicial districts where there is only one judge, a certified copy of the notice of disqualification filed in the cause shall be transmitted by the clerk of the superior court to the clerk of the superior court designated by the chief justice of the supreme court. Upon receipt the clerk of said superior court shall transmit

---

not make any legal determinations regarding the property line or ownership of the disputed property. There is no basis for Davidson's assertion that the superior court should have treated this case as a property dispute.

the forwarded notice to the presiding judge who shall direct a visiting judge to hear and try such action as soon as convenient and practical.

Similarly, Former Pacific County Local Civil Rule 1 (2023), in effect at the time of the hearings at issue in this case, provided additional procedures for cases in which a notice of disqualification is filed:

> B. Pacific County/Grays Harbor County Judge Trades. In the event the Pacific County Superior Court Judge either voluntarily disqualifies himself from a civil case due to a conflict or Notice of Disqualification is filed, *in some instances* the case will then be heard by a Grays Harbor County Superior Court judge, *if a Pacific County Commissioner or Pacific County Judge Pro Tem is unavailable*.

Former Pacific County Local Civil Rule 1 (emphasis added) (boldface omitted).

Here, the Pacific County Superior Court properly complied with the requirements of the statute and local court rule. After receiving Davidson's notice of disqualification against Judge Richter, the Pacific County Superior Court Clerk forwarded the notice of disqualification to the Grays Harbor County Superior Court Clerk as required by RCW 4.12.040.[5] Also, neither RCW 4.12.040 nor Former Pacific County Local Civil Rule 1 require that the Grays Harbor County Superior Court presiding judge hear the case as Davidson suggests. The Pacific County Superior Court properly handled Davidson's notice of disqualification by forwarding the notice of disqualification to Grays Harbor County Superior Court Clerk and setting Davidson's case before only visiting judges and Pacific County Superior Court commissioners.

---

[5] Reading RCW 4.12.040 and Former Pacific County Local Civil Rule 1 together, it appears that Grays Harbor County Superior Court is the court designated by the Chief Justice of the Supreme Court referenced in RCW 4.12.040. Further, Davidson agrees that the Grays Harbor County is the superior court designated for Pacific County as referenced in RCW 4.12.040. *See* Br. of Appellant at 55 ("Davidson asserts that the only true judicial officer that had personal jurisdiction in this matter, Grays Harbor County Superior Court Presiding Judge Katherine Svoboda . . . .").

B.    OTHER ARGUMENTS

Davidson also argues that Commissioner Penoyar made false statements about the notice of disqualification and improperly refused to disqualify herself based on his representation that he was going to file an affidavit of prejudice. We disagree.

As for Commissioner Penoyar's statement at the October 25 hearing that there was nothing in the file indicating an affidavit of prejudice was filed against her, the record shows that Davidson did not file his notice of disqualification against Commissioner Penoyar until after the October 25 hearing. Therefore, Commissioner Penoyar accurately stated that there was nothing in the file related to a notice of disqualification against her. Therefore, Commissioner Penoyar was not required to recuse herself based on Davidson's assertion that he had signed a notice of disqualification against her.

Davidson further argues that visiting Judge Yeager failed to honor or act upon his notice of disqualification. It is unclear whether Davidson asserts that visiting Judge Yeager should have reversed Commissioner Penoyar's decision because Commissioner Penoyar failed to recuse herself or that visiting Judge Yeager should have been recused from deciding the motion for revision. Regardless, both arguments fail.

First, there was nothing for visiting Judge Yeager to "act" on related to the notice of disqualification Davidson filed against Commissioner Penoyar after the October 25 hearing because RCW 4.12.050 does not authorize the filing of notices of disqualification against superior court commissioners.[6] *See also State v. Espinoza*, 112 Wn.2d 819, 826, 774 P.2d 1177 (1989).

---

[6] RCW 4.12.050(1) states: "Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter."

Second, on a motion to revise, "the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). Thus, the notice of disqualification filed against Commissioner Penoyar after the October 25 hearing had no relevance to visiting Judge Yeager's independent, de novo review of the order granting the anti-harassment order on the motion to revise.

To the extent Davidson asserts that visiting Judge Yeager was disqualified from hearing his motion to revise, there is no basis in the record supporting such an assertion. Not only did Davidson not file a notice of disqualification against visiting Judge Yeager, but a second notice of disqualification against a judge would be improper because RCW 4.12.050 permits a party to file only one notice of disqualification. RCW 4.12.050(1)(d). Accordingly, there was no error in visiting Judge Yeager deciding the motion to revise.

Davidson has failed to show that there were any errors related to the recusal or disqualification of judicial officers hearing this case. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Cruser, J.