**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 21, 2023

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 21, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON IN<br><br>MATTHEW and MELANIE NELSON,<br><br>       Plaintiff,<br><br>       v.<br><br>P.S.C., INC.,<br><br>       Defendant. | No. 101444-9<br><br>EN BANC<br><br>Filed: <u>September 21, 2023</u> |

STEPHENS, J.—The certified questions in this case ask us to interpret Washington's so-called marital bankruptcy statute, RCW 26.16.200. The marital bankruptcy statute generally shields spouses and the marital community from liability for each other's separate, premarital debts. However, the statute contains an exception permitting creditors to reach a spouse's "earnings and accumulations" to satisfy a separate debt where the creditor reduces that debt "to judgment *within three years of the marriage*." RCW 26.16.200 (emphasis added). We must determine the meaning of the statutory language "within three years of the marriage" as used in this proviso, specifically whether the statute permits a creditor to garnish

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

a debtor spouse's wages to satisfy a separate debt that was reduced to judgment more than three years prior to the marriage.

Plaintiffs Matthew and Melanie Nelson (collectively Nelsons) married in 2020. The following year, defendant Puget Sound Collections Inc. (PSC), a debt collection agency, garnished Matthew's wages in an attempt to satisfy a 2014 default judgment against him and his former wife, stemming from her medical expenses. The Nelsons argue RCW 26.16.200 requires any eligible debt be reduced to judgment within the three years *before* and the three years *after* the marriage. In their view, the marital bankruptcy statute bars PSC from garnishing Matthew's wages because the 2014 judgment was entered too soon and not "within three years" of their 2020 marriage. In contrast, PSC argues "within three years of the marriage" simply means "not later in time than three years after the marriage." Under this interpretation, PSC lawfully garnished Matthew's wages because it reduced the debt to judgment *not later than three years after* the Nelsons' marriage.

While the Nelsons' interpretation may hold some logical appeal, and their situation is certainly sympathetic, only PSC's interpretation of RCW 26.16.200 effectuates the purpose of the statute to provide limited debt collection relief to diligent creditors. We answer the first and second certified questions based on the statute's plain language and hold that "within" in this context means "not later in time than" three years of the marriage. This interpretation permits wage garnishment

*Nelson v. P.S.C., Inc.*, No. 101444-9

where, as here, the creditor had reduced the debt to judgment more than three years before the marriage. As to the additional certified question, which asks whether Washington law places any limitation on the amount of wages subject to garnishment, the Nelsons correctly concede this issue. We hold that where other statutory requirements are met, RCW 26.16.200 permits a creditor to garnish the entirety of the debtor spouse's wages.

FACTS AND PROCEDURAL HISTORY

Plaintiff Matthew Nelson and his former wife, nonparty Patricia Nelson, incurred substantial medical bills around 2013. Unpaid bills were assigned to defendant PSC for collection. PSC sued in Kitsap County Superior Court following unsuccessful attempts to collect on the debt. Neither Matthew nor Patricia[1] appeared in that action, and on June 11, 2014, the superior court entered a default judgment against them in the amount of $69,706.14. The parties do not dispute the validity of the judgment.

Matthew and Patricia divorced. Matthew married plaintiff Melanie Nelson on September 5, 2020. In October 2021, PSC obtained a 60-day writ of garnishment against Matthew's wages in Kitsap County Superior Court in an attempt to satisfy the premarital debt. Matthew alleges he did not know about the 2014 default judgment until the October 2021 garnishment. By that time, the total balance owed

---

[1] First names are used for clarification. No disrespect is intended.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Nelson v. P.S.C., Inc.*, No. 101444-9

had ballooned to $123,794.50 due to daily interest accruing over the course of several years.

In March 2022, PSC obtained another 60-day writ of garnishment against Matthew. By this point, and despite the previous wage garnishment, the outstanding balance had climbed to $126,277.68. Matthew describes this as "an amount that I could never pay in my lifetime." Fed. Dist. Ct. Doc. (Doc.) 10-1, at 2. Together, the Nelsons have five children and live paycheck to paycheck. Matthew works as a painter and Melanie works as a medical assistant.

In May 2022, the Nelsons commenced this action in King County Superior Court, pleading various claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692(p); Washington's Consumer Protection Act (CPA), ch. 19.86 RCW; and Washington's Collection Agency Act, ch. 19.16 RCW. The Nelsons allege that PSC engaged in unlawful debt collection practices by garnishing Matthew's community property wages to satisfy a separate, premarital debt. The complaint seeks actual and statutory damages in addition to injunctive relief barring future wage garnishments. PSC removed the lawsuit to the United States District Court for the Western District of Washington.

Before the close of discovery, the Nelsons moved for partial summary judgment on the issue of liability. The Nelsons' theory of liability rests on interpretation of RCW 26.16.200, which provides that creditors may not reach "the

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

earnings and accumulations of either spouse" to satisfy a separate debt unless "the same is reduced to judgment *within three years of the marriage*." (Emphasis added.) The Nelsons argued the 2014 judgment predated the period "within three years" of their 2020 marriage, so PSC was not authorized to garnish Matthew's wages. PSC responded that "within three years of the marriage" means the subject judgment must be entered "'not longer in time than three years following the marriage.'" Doc. 13, at 6. Under that interpretation, PSC acted well within the statutory time frame when it obtained the default judgment in 2014, allowing its garnishment of Matthew's wages to satisfy his separate debt.

Concluding that the proper interpretation of RCW 26.16.200 poses unsettled issues of Washington state law, particularly the meaning of "within" in RCW 26.16.200, Judge John C. Coughenour entered an order sua sponte certifying two questions to this court. Doc. 17, at 2. We accepted amicus curiae briefing from the Association of Credit and Collection Professionals (ACA) International and amici curiae briefing from the Northwest Justice Project, Northwest Consumer Law Center, Sexual Violence Law Center, and Legal Voice.

*Nelson v. P.S.C., Inc.*, No. 101444-9

CERTIFIED QUESTIONS PRESENTED[2]

1.  What is the meaning of the term "within" as used in RCW 26.16.200?

2.  If a spouse's separate property debt had been reduced to judgment more than three years prior to marriage, does Washington law bar garnishment of that spouse's marital wages in satisfaction of that judgment?

3.  Where garnishment is allowed under RCW 26.16.200, may the entirety of the debtor spouse's marital wages be garnished and, if not, what are the limitations on garnishment?

ANALYSIS

We review certified questions de novo. *Fowler v. Guerin*, 200 Wn.2d 110, 118, 515 P.3d 502 (2022). The certified questions here present issues of statutory interpretation that we also review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

At issue is the marital bankruptcy statute. That statute contains a general provision and two provisos:

> Neither person in a marriage or state registered domestic partnership is liable for the debts or liabilities of the other incurred before marriage or state registered domestic partnership, nor for the separate debts of each other, nor is the rent or income of the separate property of either liable

---

[2] In the district court's order of certification, questions two and three are combined as one. *See* Doc. 17, at 2. For clarity, we have slightly reformulated and simplified these questions as separate inquiries. *See Affil. FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009) (Washington Supreme Court may reformulate questions as it sees fit); *Kellogg v. Nat'l R.R. Passenger Corp.*, 199 Wn.2d 205, 214, 504 P.3d 796 (2022) (same).

6

for the separate debts of the other: PROVIDED, That the earnings and accumulations of the spouse or domestic partner shall be available to the legal process of creditors for the satisfaction of debts incurred by such spouse or domestic partner prior to the marriage or the state registered domestic partnership. For the purpose of this section, neither person in the marriage or the state registered domestic partnership shall be construed to have any interest in the earnings of the other: PROVIDED FURTHER, That *no separate debt*, except a child support or maintenance obligation, *may be the basis of a claim against the earnings and accumulations of either spouse* or either domestic partner *unless the same is reduced to judgment within three years of the marriage* or the state registered domestic partnership of the parties.

RCW 26.16.200 (emphasis added). This case requires us to interpret the second proviso, which makes a spouse's "earnings and accumulations" available to creditors to satisfy a premarital debt so long as that debt "is reduced to judgment within three years of the marriage." *Id.* Specifically, the first certified question asks that we determine the meaning of the statutory term "within" as used in that clause. The meaning of "within" will determine our answer to the second certified question, which asks whether RCW 26.16.200 bars garnishment of a debtor spouse's marital wages to satisfy a judgment obtained more than three years before the marriage.

Both parties argue the statutory text unambiguously supports their respective position. The Nelsons argue "within three years" means a three-year period *before and after* their marriage on September 5, 2020. Under this interpretation, PSC could garnish Matthew's wages only if it had reduced his debt to judgment between approximately September 2017 and September 2023. Because PSC obtained the default judgment in 2014, the Nelsons read RCW 26.16.200 to bar PSC from

garnishing his wages. In contrast, PSC argues "within three years" means "not later in time than three years after the date of marriage." Under this interpretation, the statute allows PSC to garnish Matthew's wages because it had reduced the debt to judgment no later than September 5, 2023—indeed several years prior to the marriage.[3]

We conclude that the statutory language unambiguously supports PSC's reading of the text, and though the parties offer competing interpretations, only PSC's interpretation is reasonable in light of the language and purpose of RCW 26.16.200. Even if we found the statutory language ambiguous, the legislative history supports PSC's reading. We answer the first certified question by holding that as used in RCW 26.16.200, "within" means "not later in time than three years after the marriage." We therefore answer the second certified question in the negative: where a creditor reduces a debt to judgment more than three years before the debtor's marriage, RCW 26.16.200 does not bar the creditor from garnishing the debtor spouse's wages in satisfaction of that debt. The third certified question is not

---

[3] The Nelsons suggest a third plausible interpretation: that RCW 26.16.200 is silent as to premarital judgments. Pls.' Resp. Br. at 2-3 & n.2, 33-34 ("the only other possible construction would be that RCW 26.16.200 simply does not contemplate judgments obtained prior to marriage," in which case the proviso would not apply and the general rule would remain, thus prohibiting garnishment of Matthew's wages). They do not endorse this interpretation, and it is unsupported by the statute's plain language.

*Nelson v. P.S.C., Inc.*, No. 101444-9

in dispute, and we answer that the statute places no limitation on the entirety of the

debtor spouse's wages being subject to garnishment.

I.   <u>RCW 26.16.200 Unambiguously Permits a Creditor To Garnish a Debtor Spouse's Wages To Satisfy a Separate Debt That Has Been Reduced to Judgment *No Later Than* Three Years after the Date of Marriage</u>

We resolve the first and second certified questions based on the statute's plain

language.  When interpreting statutory language, our "fundamental objective is to

ascertain and give effect to the legislature's intent." *Lenander v. Dep't of Ret. Sys.*,

186 Wn.2d 393, 405, 377 P.3d 199 (2016); *see also Burnside v. Simpson Paper Co.*,

123 Wn.2d 93, 99, 864 P.2d 937 (1994) ("Statutes should be interpreted to further,

not frustrate, their intended purpose."). We begin with the plain meaning of the

statute.  *Lenander*, 186 Wn.2d at 405.  "In doing so, we consider the text of the

provision in question, the context of the statute in which the provision is found,

related provisions, amendments to the provision, and the statutory scheme as a

whole." *Id.*  If the meaning of the statute is plain on its face, then we give effect to

that meaning as an expression of legislative intent.  *Id.*  But if, after this inquiry, the

statute remains ambiguous, the court "'may resort to statutory construction,

legislative history, and relevant case law for assistance in discerning legislative

intent.'" *Jametsky*, 179 Wn.2d at 762 (quoting *Christensen v. Ellsworth*, 162 Wn.2d

365, 373, 173 P.3d 228 (2007)).  A statute is not ambiguous merely because different

interpretations are conceivable. It is ambiguous only if more than one interpretation

is reasonable. *Cerrillo v. Esparza*, 158 Wn.2d 194, 201, 142 P.3d 155 (2006).

We construe statutory provisos "'in the light of the body of the statute, and in

such a manner as to carry out the legislature's intent as manifested by the entire act

and laws in pari materia therewith.'" *Wash. State Legislature v. Lowry*, 131 Wn.2d

309, 327, 931 P.2d 885 (1997) (quoting *State v. Wright*, 84 Wn.2d 645, 652, 529

P.2d 453 (1974)). "'Provisos operate as limitations upon or exceptions to the general

terms of the statute to which they are appended and as such, generally, should be

strictly construed with any doubt to be resolved in favor of the general provisions,

rather than the exceptions.'" *Id.* (quoting *Wright*, 84 Wn.2d at 652).

As used in RCW 26.16.200, the term "within" unambiguously means "not

later in time than," as PSC urges. This is the only interpretation that is both

reasonable and furthers rather than frustrates the legislature's intent. Such is clear

when considering the second proviso in light of the entire statute and the context in

which the language was added. *See Columbia Riverkeeper v. Port of Vancouver

USA*, 188 Wn.2d 421, 440, 395 P.3d 1031 (2017) ("Plain language analysis . . . looks

to amendments to the statute's language over time.").[4] RCW 26.16.200 comprises

---

[4] The parties rely on dictionary definitions in interpreting RCW 26.16.200. So did the Court of Appeals in *Washington Trust Bank v. Kozak*, __ Wn. App. 2d __, 533 P.3d 152 (2023), a recent case analyzing the same statutory proviso at issue here. "Within" is undefined by statute, and often dictionary definitions may help illuminate the plain

*Nelson v. P.S.C., Inc.*, No. 101444-9

a general provision and two provisos, which were added by amendment in 1969.[5]

The general provision shields spouses and the marital community from liability for

each other's premarital debts, subject to exceptions outlined in the provisos. "The

effect of the general statute prior to the 1969 amendment was that immediately upon

a debtor's marriage, a creditor lost the ability to enforce the claim against the new

marital community." *Watters v. Doud*, 92 Wn.2d 317, 322, 596 P.2d 280 (1979).

We have recognized the "harsh" effects of this broad general rule. *Id.* The first

proviso limits the scope of the general rule, making the "earnings and

accumulations" of a debtor spouse available to creditors of that spouse for the

satisfaction of premarital debts. RCW 26.16.200. The second proviso then modifies

the first proviso, limiting the creditors' ability to attach a spouse's "earnings and

accumulations" in satisfaction of a separate debt to situations where the debt "is

reduced to judgment within three years of the marriage." *Id.* Together, the provisos

> serve[] to soften the effect of the main provision in that the creditor is
> no longer faced with marital bankruptcy from the moment of the
> debtor's marriage. Rather, pursuant to the amendment, a creditor is
> entitled to either 3 years of payments on the debt after the marriage
> from community assets or in the case of default, he may reduce his

---

meaning of undefined terms. *Am. Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 8, 802 P.2d 784 (1991). But in this instance, the definition of "within" will necessarily depend on context, and dictionary definitions can be found to support either party's interpretation. Therefore, these definitions do not aid in our understanding of the statutory text.

[5] RCW 26.16.200 was later amended twice more in 1983 and 2008, but neither amendment is relevant here.

11

*Nelson v. P.S.C., Inc.*, No. 101444-9

> claim to judgment within 3 years of the marriage to reach community
> assets during the life of the judgment.

*Watters*, 92 Wn.2d at 322 (holding the second proviso is not a statute of limitations).

The legislature plainly intended the provisos to curb the harsh effects of the general marital bankruptcy rule by providing limited relief to diligent creditors. As PSC and amicus ACA International accurately observe, the Nelsons' interpretation of "within" would frustrate this purpose by punishing creditors that act *too* diligently, i.e., by diligently reducing the debtor spouse's obligation to judgment more than three years *prior to* the marriage. This approach is unreasonable because a creditor cannot know when this three-year period preceding the marriage will occur until it is already over. The Nelsons' interpretation "results in one party losing its right to enforce a judgment without notice and at a point in time that is only knowable retroactively." Def.'s Opening Br. at 15; *see also* Am. Br. of Amicus Curiae ACA Int'l at 11-12 ("This interpretation leaves creditors unable to know how the statute affects their rights. A prudent and diligent creditor who seeks to collect close to the time of the debt [is left] vulnerable to the debtor's election to erase the debt by starting a new marriage."); *Wash. Tr. Bank v. Kozak*, __ Wn. App. 2d __, 533 P.3d 152, 158 (2023) ("The effect of [the debtor]'s proposed interpretation is to punish the timely creditor."). The legislature plainly did not intend this result when it amended the general provision in favor of a more limited rule that benefits creditors.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The Nelsons' interpretation is similarly inconsistent with the purpose of the general provision. *See Lowry*, 131 Wn.2d at 327 (provisos must be construed "'in the light of the body of the statute, and in such a manner as to carry out the legislature's intent as manifested by the entire act'" (quoting *Wright*, 84 Wn.2d at 652)). We have observed that "the general provision of RCW 26.16.200 . . . was intended to protect one spouse from vicarious liability for the separate obligations of the other." *Haley v. Highland*, 142 Wn.2d 135, 147, 12 P.3d 119 (2000). But accepting the Nelsons' interpretation would create a three-year safe harbor period from creditors that *predates* the marriage—when there is no spouse to protect. *See Kozak*, 533 P.3d at 158. We therefore reject the Nelsons' reading of RCW 26.16.200 and hold that "within" means "not later in time than" because this is the only reasonable interpretation in light of the plain language and purpose of both the second proviso and the entire statute.

The Nelsons counter that PSC's interpretation of "within" wrongly relies on finding a connection between the debt and the marriage. *See* Pls.' Resp. Br. at 18-22 (arguing PSC's interpretation "presupposes a causal relationship" between two unconnected events—marriage and financial disputes with creditors). For example, in the phrase "consume this juice within one week of opening," "within" means "not later in time than" because one must open the juice to consume it. *Id.* at 20. Thus, in the Nelsons' view, "within" cannot mean "not later in time than" because a debt

13

*Nelson v. P.S.C., Inc.*, No. 101444-9

may be reduced to judgment at any point in time irrespective of the parties' marriage. While this argument may have some logical appeal, it misses the mark. Under RCW 26.16.200, a debtor's subsequent marriage directly impacts the creditor's rights with respect to premarital debts. Immediately upon the debtor's marriage, the creditor loses the ability to collect against marital community assets subject only to certain exceptions outlined in the statute. Thus, the statute does not regard these events as independent of one another. Because they are connected, it follows that "within three years of the marriage" should be understood to mean "not later in time than three years after the marriage."

Though the statute is unambiguous, even if we were to conclude otherwise and resort to statutory construction, the legislative history supports PSC's interpretation. *See Jametsky*, 179 Wn.2d at 762 (court may resort to statutory legislative history to interpret ambiguous statutes). As noted, both provisos in RCW 26.16.200 were added to the statute in 1969. *See* LAWS OF 1969, Ex. Sess., ch. 121. The original bill included only the first proviso—not the second. *See* H.B. 110, 41st Leg., Reg. Sess. (Wash. 1969). The original bill thus would have profoundly narrowed the general marital bankruptcy protection by making a spouse's wages available to creditors for the satisfaction of that spouse's premarital debts without requiring the creditor to timely reduce such debts to judgment. Representative Bottiger moved to amend the bill by adding the second proviso that imposes the

14

*Nelson v. P.S.C., Inc.*, No. 101444-9

three-year time limit for creditors to reduce the debt to judgment—a compromise between the spouses' and the creditors' interests. *See* HOUSE JOURNAL, 41st Leg., Reg. Sess., at 400 (Wash. 1969). Speaking in favor of the amendment, Representative Bottiger anticipated the precise factual circumstances before us involving a divorced person who remarries but, under the original H.B. 110, would be forever liable for their former spouse's debt:

> The problem with the bill as we have written it is that in the event of the divorce and remarriage of one of the parties, the same rule applies. . . . I'll use the illustration of say a long-term contract on something like a[n] automobile, . . . the husband originally signed the contract, and so therefore if several years later, and take in the case of a home ten years later, the wife does not make the payments, the creditor forecloses, gets a deficiency judgment on the mortgage, and then goes looking for the other party. [The creditor] will win, they can collect from the former husband or wife who is now reestablished, has his own budget, his own problems, and all of a sudden here comes a bill that his wife was ordered to pay and didn't pay. Now I would like to have had this amendment read one year, so that we could tell these people: for a year, you're on the hook here. If she doesn't pay you can be forced to pay. But I don't think that would be quite fair to creditors and I've offered the amendment at three years. *So that these parties remarry, for the first three years they will be subject to these other debts. And after that, if the thing hasn't been reduced to judgment, they don't have to worry about* [*the pre-marriage debts*] *anymore.* I think it's a compromise of the two positions and I urge its adoption.

H. Floor Proc., H.B. 110, 41st Leg., Reg. Sess. (Feb. 27, 1969) at 29 min., 53 sec. to 33 min., 24 sec. (statement of Rep. Bottiger) (emphasis added), https://digital archives.wa.gov/Record/View/D0C0AD420B7C7F1F3FFAF1D8CB576641.

15

Representative Bottiger clearly stated the intent that spouses remain "on the hook" for a separate, premarital debt if "after" "the first three years" of marriage the creditor has failed to reduce the debt to judgment. *Id.* One legislator's comments from the floor ordinarily are not determinative of legislative intent, but "we presume [Representative Bottiger] understood the meaning of the amendment which he proposed." *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997). And this understanding is reflected in the comments of the opposition, too. Representative Clarke spoke against the amendment, but he similarly understood "within three years" to mean a period *after* the marriage: "[T]he purpose of this bill is to extend the liability of these individuals insofar as their own earnings are concerned so that *after marriage* they will still be liable to the creditor." H. Floor Proc., *supra*, at 33 mins., 55 sec. to 34 min., 10 sec. (statement of Rep. Clarke) (emphasis added). Nothing in the legislative history suggests the legislature intended to cut off the debtor spouse's liability where the debt had already been reduced to judgment more than three years *before* the marriage. To the contrary, the legislative history shows the legislature plainly understood "within three years" to mean "not later than three years from the date of marriage." Thus, even if the statute could be read to suggest more than one reasonable interpretation, the legislative history supports PSC's interpretation.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The Nelsons cite two cases in support of their interpretation, but neither helps them. *See Jametsky*, 179 Wn.2d at 762 (court may resort to relevant case law to interpret ambiguous statutes). First, in *Casa del Rey v. Hart*, the Court of Appeals held that RCW 26.16.200 permits a creditor to reach the debtor spouse's earnings to satisfy a separate child support obligation from a prior marriage. 31 Wn. App. 532, 539-40, 643 P.2d 900 (1982), *review denied*, 98 Wn.2d 1006 (1982). *Casa del Rey* is silent on the issue at hand: whether a creditor may reach a debtor spouse's wages to satisfy a debt reduced to judgment more than three years before the marriage. And, at any rate, the debt in that case was reduced to judgment approximately two years and eight months before the debtor remarried. *Id.* at 533-34. PSC correctly notes that the outcome of *Casa del Rey* would be the same under either party's interpretation of the law, and its analysis therefore does not aid in answering the certified questions before us.

Second, the Nelsons cite *White v. Skagit Bonded Collectors, LLC*, No. C21-0697-LK, 2022 WL 2046286, at *6 (June 7, 2022) (court order) (because the creditor "obtained the judgment in 2010, which was not within three years of the [debtor]s' marriage in 2016," RCW 26.16.200 barred the creditor from garnishing the debtor spouse's wages (citation omitted)). We are not bound by federal district court decisions, and we decline to follow the analysis in *White*. There, the court relied on a comment in Professor Harry Cross's prominent law review article to interpret the

17

*Nelson v. P.S.C., Inc.*, No. 101444-9

statute. *White*, 2022 WL 2046286, at *6 (citing Harry M. Cross, *The Community Property Law in Washington (Revised 1985)*, 61 WASH. L. REV. 13, 129 (1986)). That article states, "The three-year period within which judgment must be entered may precede the marriage." Cross, *supra*, at 129. But the only cite supporting this statement is *Casa del Rey*, which, as discussed, did not actually determine whether RCW 26.16.200 shields the debtor spouse's wages where the debt was reduced to judgment more than three years before the marriage.

The Nelsons' cited cases do not support reading RCW 26.16.200 contrary to its plain language. That language and the legislative history both counsel in favor of PSC's interpretation. We answer the first certified question by holding that "within" three years in RCW 26.16.200 means "not later in time than" three years after the marriage. Accordingly, we answer the second certified question in the negative because, properly understood, RCW 26.16.200 does not bar wage garnishment in satisfaction of a debt that has been reduced to judgment more than three years before the debtor's marriage.

II.  RCW 26.16.200 Places No Additional Limits on the Amount of Wages Subject to Garnishment

The third certified question asks whether the entirety of the debtor spouse's marital wages may be garnished where the creditor successfully reduces the debt to judgment within three years of the marriage. Nothing in RCW 26.16.200 or related statutes limits the amount of earnings subject to garnishment so long as RCW

18

*Nelson v. P.S.C., Inc.*, No. 101444-9

26.16.200's other requirements are satisfied. The Nelsons concede this issue. We therefore answer "yes" and hold that under RCW 26.16.200, a creditor that reduces a separate debt to judgment within three years of the marriage may garnish the entirety of the debtor spouse's wages to satisfy the judgment.

## ATTORNEY FEES

The Nelsons request attorney fees pursuant to RAP 18.1(a). They base their request on RCW 19.86.090 (the CPA) and 15 U.S.C. § 1692k (the FDCPA). Though the Nelsons express uncertainty whether attorney fees are available in the context of a certified question, we have previously awarded attorney fees in this context. *See Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 189 Wn.2d 607, 624, 404 P.3d 504 (2017). However, attorney fees are permitted only in successful actions under the CPA and FDCPA. 15 U.S.C. § 1692k(a)(3); *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 170, 795 P.2d 1143 (1990). Because the Nelsons have not prevailed, an award of fees is not authorized and we deny their request.

## CONCLUSION

RCW 26.16.200, the so-called marital bankruptcy statute, provides a limited exception for premarital debts that are reduced to judgment "within three years of marriage." In answer to the first and second certified questions, we conclude this proviso unambiguously permits a creditor to garnish a debtor spouse's earnings and accumulations in satisfaction of a judgment obtained more than three years prior to

19

*Nelson v. P.S.C., Inc.*, No. 101444-9

the marriage. The phrase "within three years of marriage" requires the creditor to obtain a judgment not later than three years after the marriage. We answer the third certified question in the affirmative because RCW 26.16.200 does not limit the amount of wages subject to garnishment where other statutory requirements are satisfied.

_____
Stephens, J.

WE CONCUR:

_____        _____
González, C.J.                                               Gordon McCloud, J.

_____        _____
Johnson, J.                                                    Yu, J.

_____        _____
Madsen, J.                                                    Montoya-Lewis, J.

_____        _____
Owens, J.                                                      Rumbaugh, J.P.T.