**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| AMY E. ESPINOZA, | No. 88533-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| URSULA J. URIBE, | |
| Appellant. | |

MANN, J. — In 2020, Amy Espinoza successfully obtained a stalking protection order against Ursula Uribe. Espinoza successfully renewed the protection order in 2025. Uribe appeals the renewal and argues that the trial court misapplied RCW 7.105.405 and infringed upon her Fifth Amendment rights. We affirm.

I

On May 11, 2020, Espinoza filed a petition for a stalking protection order against Uribe. The petition claimed that Uribe had been carrying out a sustained campaign of unlawful harassment using anonymous phone numbers and social media accounts. After a hearing, the trial court found that Espinoza had proven by a preponderance of the evidence that she was a victim of stalking and issued a five-year protection order. In February 2021, Uribe unsuccessfully moved to vacate the protection order under CR

60, alleging that Espinoza had committed fraud. This court affirmed in an unpublished opinion.[1]

On April 25, 2025, Espinoza moved for a permanent renewal of the protection order, or alternatively renewal for no less than five years.[2] After briefing and argument, on July 11, 2025, a trial court commissioner renewed the protection order for two years and awarded attorney fees to Espinoza.

Uribe appeals.

II

A

We review a decision to renew a protection order for abuse of discretion. In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

We review questions of statutory interpretation de novo. Nelson v. P.S.C., Inc., 2 Wn.3d 227, 233, 535 P.3d 418 (2023). Our objective is to ascertain and carry out the legislature's intent. Royal Oaks Country Club v. Dep't of Revenue, 2 Wn.3d 562, 568, 541 P.3d 336 (2024). "If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." Royal Oaks, 2 Wn.3d at 568.

---

[1] Espinoza v. Uribe, No. 82451-1-I (Wash. Ct. App. Nov. 15, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/824511.pdf.
[2] The initial protection order was set to expire on May 19, 2025.

B

Uribe argues that the trial court abused its discretion when it found that Uribe's efforts to demonstrate a substantial change in circumstances were in vain because of her unwillingness to acknowledge stalking Espinoza. We disagree.

Under RCW 7.105.405(4)(c), the trial court is required to grant a motion for renewal of a stalking protection order "unless the respondent proves by a preponderance of the evidence that [(1)] there has been a substantial change in circumstances" and (2) they "will not resume acts of stalking against the petitioner or the petitioner's family or household members when the order expires." To determine whether there has been a substantial change in circumstances, the trial court may, but is not required, to look at the factors set forth in RCW 7.105.405(5). See Prussak v. Prussak, 27 Wn. App. 2d 451, 458, 536 P.3d 199 (2023). Those factors include:

(a) Whether the respondent has committed or threatened sexual assault; commercial sexual exploitation; domestic violence; stalking; abandonment, abuse, financial exploitation, or neglect of a vulnerable adult; or other harmful acts against the petitioner or any other person since the protection order was entered;

(b) Whether the respondent has violated the terms of the protection order and the time that has passed since the entry of the order;

(c) Whether the respondent has exhibited suicidal ideation or attempts since the protection order was entered;

(d) Whether the respondent has been convicted of criminal activity since the protection order was entered;

(e) Whether the respondent has either: Acknowledged responsibility for acts of sexual assault, commercial sexual exploitation; domestic violence, or stalking, or acts of abandonment, abuse, financial exploitation, or neglect of a vulnerable adult, or behavior that resulted in the entry of the protection order; or successfully completed state-certified perpetrator treatment or counseling since the protection order was entered;

-3-

(f) Whether the respondent has a continuing involvement with drug or alcohol abuse, if such abuse was a factor in the protection order; and

(g) Other factors relating to a substantial change in circumstances.

RCW 7.105.405(5). The petitioner need not prove that they have a current reasonable fear of harm by the respondent. RCW 7.105.405(3).

At the renewal hearing the trial court addressed each of the factors before making its ruling. The trial court agreed with Uribe that (a) there was no evidence that Uribe committed or threatened domestic violence, stalking, harassment, or other harmful acts against Espinoza or another person since the entry of the protection order; (b) there was no evidence that Uribe had violated the protection order; (c) there was no evidence of suicidal ideations or attempts by Uribe since the protection order was issued; and (d) there was no evidence that Uribe had engaged in or been convicted of criminal activity since the protection order was entered. RCW 7.105.405(5)(a)-(d).[3]

On factor (e), the trial court explained that since the enactment of RCW 7.105.405, a respondent in a renewal protection order action "has to come to this Court and acknowledge responsibility for their acts that led to the entry of the protection order, which in this case was for stalking, or done a treatment protection program or counseling." After clarifying that no treatment or counseling was ordered as part of the protection order, the trial court explained that it was applying the dictionary definition of the term "acknowledge," "to show by word or act that one has knowledge of and agrees to a fact or truth." The trial court then explained its concern:

---

[3] For factor (f), while the protection order did not identify concerns with substance abuse, the trial court nevertheless found no evidence of continued drug or alcohol abuse. The court did not discuss catch-all factor (g).

> But my concern is the acknowledgment, and that is subsection (e). And the reason I do this is because as I look again at [Uribe's] declaration, I see . . . no acknowledgment. I see an attempt to relitigate some of the more salacious information that was part of the long chain of initial emails that the Court considered, in terms of infidelity and interrelationship between [Uribe], [Espinoza], children in common by marriage or by blood, and the fracture of this family and extended family unit. And there is still— and because I do not—I see how it, through [Uribe's] counsel's argument, about how it affected life for [Uribe], and I don't see in [Uribe's] words . . . any acknowledgment of the findings previously made by this Court that the actions [in] the petition were made by [Uribe].
>
> . . . .
>
> [A]cknowledgment is an important [factor] for purposes of determining whether the respondent will engage in or attempt to engage in conduct towards the petitioner when the order has expired. And our legislature has indicated that acknowledgment of that prior conduct is a factor that one must consider, and it has not been satisfied at this time. And so, therefore, I will be renewing the protection order, based on the fact that [Uribe] has not demonstrated by a preponderance of the evidence that there has . . . been a substantial change of circumstances . . . [a]nd without that acknowledgement . . . this Court has to be concerned that she has not met the second burden, which is to show that she will not engage in or attempt to engage in [acts of stalking] if the order were to expire.

As a result, the court determined that it was going to renew the protection order "only on the basis" that Uribe had not shown acknowledgement under RCW 7.105.405(5)(e).

Uribe relies on <u>Freeman</u>, a case decided more than a decade before the legislature enacted RCW 7.105.405, to argue that acknowledgement is not a mandatory precondition for obtaining relief from a protection order. But to the extent that <u>Freeman</u> still provides any guidance in protection order cases, our focus is on the language of RCW 7.105.405.

There is no indication that the legislature intended RCW 7.105.405(5) to create a checklist of items that dictates with mathematical precision whether there has been a substantial change in circumstances. Rather, RCW 7.105.405(5) identifies multiple

unweighted factors that the trial court "may" consider in making that determination. The use of "may" indicates that the legislature intended for the trial court to exercise its discretion in determining what factors are relevant, and how they inform its finding on whether there has been a substantial change in circumstances. Further, in some cases, certain factors may not be relevant to the trial court's determination, given that they are not at issue in the case. See Fowler v. Fowler, 8 Wn. App. 2d 225, 234, 439 P.3d 701 (2019) (noting that the trial court found that at least four factors were not at issue in the case).

We reject Uribe's interpretation of RCW 7.105.405. The legislature placed the burden on respondents to prove a substantial change in circumstances. RCW 7.105.405(4). It is up to the trial court to determine which factors are relevant, and how significant the evidence related to each factor is in determining whether a respondent has met their burden to prove a substantial change in circumstances. See RCW 7.105.405(5). Moreover, rather than treating acknowledgment as a mandatory precondition for relief, the trial court carefully addressed factors (a) through (f) and explained how they guided its discretion in determining that Uribe did not meet her burden of showing a substantial change in circumstances. See RCW 7.105.405(4).

For those reasons, the trial court did not abuse its discretion by renewing the protection order.

C

Uribe also argues that the trial court violated Fifth Amendment principles in renewing the protection order. We disagree.

The Fifth Amendment to the United States Constitution states in pertinent portion that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. Uribe asserts that the trial court presented her with an impossible binary choice: either acknowledge responsibility about potentially criminal acts underlying the protection order or maintain her denial and acquiesce to the protection order's renewal. Espinoza responds that Uribe had the alternative of successfully completing state-approved perpetrator treatment or counseling. We agree with Espinoza.

There are two methods by which Uribe could have satisfied RCW 7.105.405(5)(e): acknowledging responsibility for acts of stalking or completing state-approved treatment or counseling. Her contention that she was forced to confess or acquiesce to renewal is inaccurate: starting July 2022, when RCW 7.105.405 was enacted, Uribe could have completed state-certified perpetrator treatment or counseling to satisfy factor (e). Further, the fact that treatment or counseling was not ordered when the protection order was entered does not change our analysis. "The statute does not state that the protection order must require the respondent to obtain treatment for the factor to be considered." Fowler, 8 Wn. App. 2d at 236 (analyzing a similar factor in the predecessor statute).

For those reasons, the trial court did not violate Fifth Amendment principles in renewing the protection order.

We affirm.[4]

---

[4] Because we affirm the trial court's order renewing the protection order, we also affirm the accompanying judgment of attorney fees to Espinoza.

WE CONCUR:

_____ Mann, J.

_____
Díaz, J.

_____ Coburn, J.